[Civ. No. 5553.   Fourth Dist.   Jan. 3, 1957.]

BOARD OF SUPERVISORS OF RIVERSIDE COUNTY et al., Petitioners, v. SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent; DESERT TURF CLUB (a Corporation), Real Party in Interest.

Ray T. Sullivan, Jr., County Counsel, Leo A. Deegan, Deputy County Counsel, and James H. Angell, Assistant County Counsel, for Petitioners.

Best, Best & Krieger, as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Martin C. Casey and John E. Glover for Real Party in Interest.

MUSSELL, J.— In these proceedings, petitioners seek a writ, directed to respondent Superior Court in Riverside County and to Desert Turf Club, prohibiting (1) The en-

forcement of an order made by said superior court on October 11, 1956, in action Number 61652; (2) Any further proceedings in the matter of the petition for a writ of mandate in action Number 64722 in said court, filed August 14, 1956; and (3) Any further action upon the peremptory writ of mandate in said action Number 61652 which will in any way interfere with the board of supervisors' right to promptly call and complete a public hearing on notice on the application of the Desert Turf Club.

In July, 1954, the California Horse Racing Board issued a license to Desert Turf Club to conduct quarter horse race meetings at a proposed race track establishment to be constructed near Rancho Mirage, near Palm Springs, in Riverside County, and found that the turf club had shown that the conducting of quarter horse race meetings of the proposed Palm Springs track would be in the public interest and would subserve the purposes of the California Horse Racing Act.

The site for the proposed track was located in M-3 zone of Riverside County, as established by zoning ordinance Number 348 of said county, and it was necessary, therefore, for the turf club to obtain a permit from the county board of supervisors before the track was established. The Desert Turf Club, in January, 1955, filed its application for such a permit with the planning commission of said county. On February 15, 1955, a public hearing on this application was conducted before the planning commission and a further public hearing was conducted thereon before the board of supervisors on March 28, 1955. Both of these hearings were conducted pursuant to the provisions of section 3.2 of article III of the said ordinance and the notices therein provided for were given as to each such public hearing.

On February 23, 1955, the planning commission made its order and decision recommending to the board of supervisors that the application be granted upon certain terms and conditions, all of which were accepted and agreed to by the applicant. The planning commission then filed with the board of supervisors, in addition to its recommendation and decision, a summary of the testimony presented at the hearing and reports and exhibits which had been introduced in evidence.

The board of supervisors, at its hearing on March 28, 1955, received in evidence the report and decision of the planning commission, the entire file and records of the commission on its hearing, the evidence of several witnesses, some for and some against the granting of the permit, and also various peti-

tions and letters in opposition thereto. The board of supervisors then, by unanimous vote, denied the application.

On April 22, 1955, the Desert Turf Club filed its petition for a writ of mandate, praying that the board of supervisors be required to cancel its order denying the permit, and to make an order granting it.

The trial court in this proceeding (action No. 61652) denied the peremptory writ of mandate, discharged the alternative writ and determined in its conclusions of law that the order of the board of supervisors denying the application for a permit was sufficiently supported by substantial evidence and concluded further that the board did not act arbitrarily, capriciously or unlawfully; that petitioner was not denied a fair trial and that "(a)lthough the licensing throughout the State of California of horse racing tracks where pari-mutuel wagering is conducted is a matter of general and statewide concern, the same is, nevertheless, a municipal affair and is subject to local regulation as embodied by the provisions of Ordinance No. 348 of the county of Riverside, section 3.1, article III thereof." The Desert Turf Club appealed from the judgment in this action, and the decision of this court on appeal was filed May 11, 1956 (*Desert Turf Club* v. *Board of Supervisors*, 141 Cal.App.2d 446 [296 P.2d 882]). This court reversed the judgment of the trial court and held that the state has taken over in its entirety the whole subject of horse racing and that a board of supervisors cannot overrule the act of the people of the state in adopting a constitutional amendment and the Legislature of the state in passing a full and comprehensive plan for the licensing and control of horse racing by prohibiting on moral grounds what the state expressly permits; that a board of supervisors, acting in good faith, may, by properly adopting zoning restrictions, exclude on soundly based grounds the installation of a horse racing track or any other type of activity from those portions of the county as to which such exclusion is reasonable; that, eliminating the opinion evidence and evidence in opposition to the permit on moral grounds, there was insufficient evidence to uphold the decision of the board of supervisors or the findings of the trial court; that the board of supervisors has a proper field for the operation of its discretion in the enforcement of its zoning ordinance after eliminating the moral grounds of opposition to racing, and it is not without jurisdiction to pass upon the application of the Desert Turf Club. It was further held that:

"The writ should be directed to the board of supervisors and its members requiring them to cancel and annul the order denying appellant's application, and to reopen the hearing with leave to hold a supplemental hearing upon due notice if they be so advised, and to reconsider the petition of appellants as to land use, wholly excluding any consideration as to the alleged immorality of horse racing and betting as authorized by state law, and wholly excluding from such consideration all testimony not received in open hearing, and all statements of alleged fact and arguments in petitions and letters on file, except the bare fact that the petitioners or letter writers approve or oppose the granting of the petition; also wholly excluding each and every instance of hearsay testimony unless supported by properly admissible testimony, it being further required that the attorneys representing any party in interest be granted a reasonable opportunity to examine or cross-examine every new witness produced. . . .

"The judgment is reversed, with instructions upon the going down of the remittitur to amend the findings of fact and conclusions of law in accordance with the views expressed in this opinion, and to enter a judgment granting a peremptory writ of mandate directed to the board of supervisors of Riverside County and the members thereof requiring them forthwith to cancel and annul their order denying appellant's petition and to proceed without delay to carry on and complete a hearing in the manner indicated and set forth in this opinion."

Following the filing of the remittitur, amended findings of fact and judgment were filed by the trial court and in its judgment, entered July 25, 1956, the court ordered that a writ of mandate be issued commanding the board of supervisors to forthwith cancel and annul the order of the board made on March 28, 1955, and to proceed to determine *whether or not* they should reopen the hearing upon the application of Desert Turf Club, held on March 28, 1955, and if desired by said board hold a supplemental hearing thereon upon due notice thereof; reconsider the application of Desert Turf Club as to land use; and upon such reconsideration wholly exclude any consideration as to any alleged immorality of horse racing and betting as authorized by the State law; wholly exclude from any consideration all testimony not received in open hearing, and all statements of alleged facts and arguments in petitions and letters filed at the time of the last hearing and now on file or which may be filed, except the bare fact that the peti-

tioners or letter writers approve or oppose the granting of said application; also wholly exclude each and every instance of hearsay testimony adduced at the hearing of March 28, 1955, as well as any such testimony which may be adduced upon a future hearing unless the same is supported by properly admissible testimony; and grant a reasonable opportunity to the attorneys representing any party in interest to examine or cross-examine any new witness which may be produced at a supplemental hearing; and determine the said application of Desert Turf Club and make proper and appropriate orders in connection with such determination.

Service of said peremptory writ of mandamus was made upon the board of supervisors on or about August 1, 1956. On August 6, 1956, said date being its first regular meeting date following such service, said board cancelled and annulled its order of March 28, 1955, by which the application of Desert Turf Club was denied and ordered "(t)hat the matter of further proceedings in connection with said application and the writ of mandate is continued to Monday, August 20, 1956, at 10 a. m., to allow Supervisor Berkey necessary time to examine the documents and other physical evidence on file in the proceeding so that he may participate in the decision, and at that time, the board to determine whether or not a further hearing will be held, and if such hearing is to be held, to fix a date therefor and if such hearing is not to be held, then forthwith to determine the application on its merits."

At its regular meeting of August 20, 1956, the chairman of said board called the matter of the Desert Turf Club application for hearing. Upon motion made, seconded and carried by unanimous vote the board ordered that a decision be reached without the holding of any further hearing; and a motion made and seconded that the application of Desert Turf Club be granted failed to carry by a vote of three Noes to two Ayes.

At the regular meeting of the board of supervisors on September 4, 1956, a motion was regularly made and seconded that the order of the board of August 20, 1956, determining that a decision would be reached on the application of Desert Turf Club without holding any further hearings be set aside and that a further hearing on the application be set for October 1, 1956. The vote on said motion was two Ayes and two Noes, with one supervisor absent and the said motion failed to carry for want of a majority.

At the regular meeting of the board of supervisors on

October 1, 1956, a motion was regularly made, seconded and carried by a vote of three Ayes to two Noes that a hearing be called on the application of Desert Turf Club for October 15, 1956.

At the regular meeting of the board of supervisors on October 8, 1956, a motion was regularly made, seconded and carried by unanimous vote authorizing the County Counsel of Riverside County to take such proceedings in the appellate courts, either by appeal or application for other appropriate remedy, as in his judgment will test the validity of the order entered by the superior court on October 2, 1956, in case Number 61652.

At said meeting on October 8, 1956, another motion was duly made, seconded and carried by unanimous vote ordering that the public hearing on the application of Desert Turf Club now set for hearing on October 15, 1956, "be continued until after proceedings in the superior and appellate courts in this case have been concluded and immediately thereafter a new date shall be fixed for said hearing and further notice thereof given."

On August 24, 1956, Desert Turf Club filed in said superior court action Number 61652 its application for an order compelling obedience and performance of the peremptory writ and on the same date Desert Turf Club filed a new action in said superior court (No. 64722) against the board of supervisors and its individual members, petitioning for a writ of mandate and alleging substantially the same matters therein as in its application of August 6, 1956. An order to show cause was issued upon said application for an order compelling obedience and performance of the terms of the peremptory writ in case Number 61652, returnable September 7, 1956, and an alternative writ of mandamus was issued upon said petition for a writ of mandamus in case Number 64722, also returnable September 7, 1956. Subsequently, both of said matters were continued to September 13, 1956, for hearing. The board of supervisors filed their answer to the application for an order and also filed a motion to recall and quash the peremptory writ of mandate.

On September 13, 1956, the issues raised by the application for an order compelling obedience and performance to the terms of the peremptory writ in case Number 61652 and the answer to said application filed by the board of supervisors, and a motion to quash, were argued before the superior court and submitted for decision.

On September 25, 1956, a minute order was entered in action Number 61652, stating that "The court, after reviewing the law and evidence before it, is of the opinion that the application of the petitioner, Desert Turf Club, which was filed August 24, 1956, should be and the same is hereby allowed and granted; it further appearing that the motion of respondent board of supervisors should be and the same is hereby disallowed." On October 2, 1956, the superior court signed an "order upon order to show cause in re performance and obedience to peremptory writ of mandate and order denying respondent's motion to recall and quash peremptory writ of mandate or to strike portions thereof." This order was filed in action Number 61652 on October 11, 1956, and purports to require the board of supervisors and its individual members to forthwith cancel and annul their order of August 20, 1956, denying the application of Desert Turf Club, and it further purports to order said board of supervisors and its individual members to forthwith vote in favor of granting the application of Desert Turf Club.

A petition for leave to intervene in action Number 64722 was filed on or about September 7, 1956, by owners of property in the vicinity of the proposed race track site.

The Desert Turf Club takes the position that the only legal action by the board of supervisors would be to grant its application; that the board cannot set aside either of its orders of August 20, 1956, namely, (1) The order dispensing with a further hearing; and (2) Denial of petitioner's application. We do not agree with these contentions.

The opinion of this court (*Desert Turf Club* v. *Board of Supervisors, supra*), in the last paragraph thereof, directs the entry of a judgment granting a peremptory writ, directed to the board of supervisors of Riverside County and the members thereof, requiring them to forthwith cancel and annul their order denying appellant's petition and to proceed without delay to carry on and complete a hearing in the manner indicated and set forth in the opinion.

The board of supervisors, at its regular meeting on August 6, 1956, canceled its order denying appellant's petition and reopened the hearing by ordering that the matter of further proceedings in connection with said application and the writ of mandate be continued to August 20, 1956. On that date the chairman of the board called the matter for hearing and by unanimous vote, it was ordered that a decision be reached without the holding of any further hearings. However, a

motion was then made that the application of the Desert Turf Club be granted and this motion failed to carry. It appears, therefore, that the board failed to reach a decision and that it was then necessary to hold a further hearing to enable the board to finally conclude the matter and complete a hearing thereon in accordance with the judgment and opinion of this court.

Desert Turf Club argues that the order of the board that a decision be rendered without any further hearing was final and that no further hearing was necessary. However, the board has never reached a final decision in the matter and now seeks to proceed to comply with the order of this court and to complete the public hearing of March 28, 1955.

While the ordinance apparently provides that the board has the privilege (at its discretion), under certain circumstances, to grant or deny any application for a land use permit without holding a public hearing, it also provides that:

"The Board of Supervisors may hear and consider evidence in addition to the report and supporting material from the Commission before granting, denying, revoking, modifying or refusing to revoke any permit, but shall not consider any statement, argument or evidence of any kind or nature whatsoever except such report and summary except at a public hearing, notice of the time and place of which shall be given to all persons by publication in a newspaper of general circulation, not less than five (5) days prior to such hearing, and notice to the applicant, where issuance of a permit is in question, or to the person owning the property the permit affecting which it is sought to revoke or modify, not less than five (5) days prior to such hearing, either by personal service as required for the serving of summons or by first class mail, postage prepaid."

In the instant case, where evidence was received in addition to the report and supporting material from the planning commission, it was necessary that a public hearing be had. In *Desert Turf Club* v. *Board of Supervisors, supra,* it was pointed out that the board of supervisors has a proper field for the operation of its discretion in the enforcement of its zoning ordinance after eliminating the moral grounds of opposition to racing, and that it is not without jurisdiction to pass upon the application of the Desert Turf Club. The decision orders the board to carry on and complete the hearing, thus providing the opportunity for the introduction of proper evidence, if any, on the question of granting or denying a

permit to the Desert Turf Club. The order of the board of supervisors, made on October 8, 1956, which was the last order made by the board, orders that the hearing on the application of Desert Turf Club "be continued until after prceedings in the superior court and appellate courts in this case have been concluded and immediately thereafter a new date shall be fixed for said hearing and further notice thereof given." This order is in accordance with the opinion of this court and writ of mandate issued therein and also is in accordance with the provisions of the ordinance involved. At such a hearing, the board is thus entitled to reach a final decision on the application and conclude the hearings thereon.

It is therefore ordered that a writ of prohibition be issued prohibiting:

(1) Enforcement of said order filed on October 11, 1956, in case number 61652.

(2) Any further proceedings in re the petition for writ of mandate in case number 64722.

(3) Any further action upon the peremptory writ of mandate in case number 61652 which will in any way interfere with the board of supervisors' right to promptly call and complete a public hearing on notice on the application of Desert Turf Club.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 28, 1957, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 27, 1957. Carter, J., was of the opinion that the petition should be granted.